UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODERICK B. BERTONCINI,

    Plaintiff,

v.                                    CASE NO.: 8:09-cv-1821-T-23MAP

IT AUTHORITIES, INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff sues under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. The parties jointly moved (Doc. 21) for approval of the settlement agreement, and a May 7, 2010, order (Doc. 22) denied the motion without prejudice for failure to provide any detail as to the nature of the dispute. The parties submit (Doc. 23) a "joint motion for reconsideration and/or amended motion to approve settlement."

In the first motion (Doc. 21), the parties state (1) that the defendant agrees "to pay [the] [p]laintiff in full, without compromise;" (2) that the defendant will pay the plaintiff $1,700.00, which consists of $850 in unpaid overtime compensation and $850 in liquidated damages, plus $500 for a general release; (3) that the defendant will pay the plaintiff's counsel $4,800.00 in attorney's fees; (4) that the attached agreement includes every term and condition of the parties' settlement; and (5) that the plaintiff's recovery "has been resolved so that the attorney's fees/costs do not compromise [the] [p]laintiff's

recovery." In the amended motion (Doc. 23), the parties add (1) that the plaintiff worked for the defendant as a "field technician;" (2) that the defendant "considered the plaintiff to be exempt from overtime under the "computer professional exemption;" (3) that the plaintiff "disputed that his job duties rendered him exempt under this section;" (4) that, based on the plaintiff's "average overtime hours" of two hours per week, the plaintiff sustained damages of approximately $850; and (5) that, in exchange for the plaintiff's general release, the defendant agreed to both pay the plaintiff $500 and to dismiss a state court action against the plaintiff for violating a "non-compete agreement."

The motion (Doc. 23) is **GRANTED** and the settlement (Doc. 20-1) is **APPROVED** as a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food, 679 F.2d at 1355; Dees v. Hydradry, Inc., ___ F. Supp. 2d ___, 2010 WL 1539813, *7 (M.D. Fla. 2010). Pursuant to Rule 41(a), Federal Rules of Civil Procedure, this action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on May 25, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE